1

2                            UNITED STATES DISTRICT COURT
                                  DISTRICT OF NEVADA
3

4  | Little Darlings of Las Vegas, LLC,              Case No. 2:24-cv-01507-CDS-EJY

5  |                        Plaintiff          **Order Granting Defendant's Motion for
                                               Summary Judgment and Denying Plaintiff's
6  | v.                                        Motion for Summary Judgment**

7  | City of Las Vegas,
                                                       [ECF Nos. 26, 27]
8  |                        Defendant

9

10         This is a declaratory action brought by plaintiff Little Darlings of Las Vegas, LLC seeking

11  declaratory and injunctive relief against the defendant, the City of Las Vegas. *See* Compl., ECF

12  No 1-1. The City removed this action to this court on August 15, 2024. *See* Not. of removal, ECF

13  No. 1. Pending before the court are the parties' cross-motions for summary judgment. Mots., ECF

14  Nos. 26, 27. In sum, Little Darlings seeks an order declaring Section 6.35.160 of the Vegas

15  Municipal Code (LVMC) unconstitutional. *See* ECF No. 27. In its motion for summary judgment,

16  the City argues that this court should find that Section 6.35.160 is clearly defined and not

17  unconstitutional. *See* ECF No. 26. Both motions are fully briefed.[1] For the reasons set forth

18  herein, I grant summary judgment in favor of the City, dismiss Little Darlings' due process claim

19  for lack of standing, and deny Little Darlings' motion for summary judgment.

20  **I.      Undisputed facts**

21         Little Darlings is an erotic dance establishment in Las Vegas, Nevada. *See* ECF No. 27 at

22  2, ¶ 3. It holds a license to operate as an erotic dance establishment and is therefore a licensee.

23  *Id.*; Def.'s Ex. B, ECF No. 26-2 at 48. LVMC chapter 6.35 regulates erotic dance establishments in

24  Las Vegas. *See* Las Vegas, Nev., Mun. Code ch. 6.35 (1995); ECF No. 26 at 3; ECF No. 27 at 2, ¶ 2.

25

26

---

[1] Pl.'s response, ECF No. 28; Def.'s resp., ECF No. 31; Def.'s reply, ECF No. 32; Pl.'s reply, ECF No. 33.

Section 6.35.160 of that chapter states the following:

> The holder of an erotic dance establishment license is responsible for the acts of its employees and independent or subcontractors, including but not limited to attendants, servers, security guards, managers and dancers. An erotic dance establishment license may be revoked for acts of such agent, employee or subcontractor or independent contractor which violates any provision of this Chapter. It is the duty of the licensee to prevent fraud, prostitution and the solicitation of prostitution upon its licensed premises.

LVMC § 6.35.160.

On or about April 19, 2024, the Las Vegas Metropolitan Police Department ("LVMPD") conducted an undercover investigation at Little Darlings. Notices, Pl.'s Ex. 4, ECF No. 27-4; Perez dep., Def.'s Ex. C, ECF No. 26-3 at 15; Novotni dep., Def.'s Ex. D, ECF No. 26-4 at 12. The investigation resulted in LVMPD issuing criminal citations to five dancers it determined were "soliciting customers for sexual acts in exchange for money." *See* Criminal citations, Pl.'s Ex. 1, ECF No. 27-1; *see also* Notice of non-compliance, Def.'s Ex. H, ECF No. 26-8; Notices of violations, Def.'s Ex. J, ECF No. 26-10. As a result of the investigation, the City issued notices of violations under LVMC § 6.35.160 against Little Darlings. *See* ECF No. 26-10; ECF No. 27-4; ECF No. 31-3 at 15, 14; ECF No. 31-10. Each violation imposed a $500 fine, totaling $2,500. *See* ECF No. 26-10; ECF No. 27-4. The notices state that Little Darlings violated LVMC § 6.35.160—which imposes "a duty of licensee to prevent prostitution and solicitation of prostitution upon its premises"— and notes under the violation section "Responsibility of Licensee." *See* ECF No. 26-10; ECF No. 27-4. A civil penalty hearing was held on the violations issued against Little Darlings on June 11, 2024. Decision and Award, Pl.'s Ex. 5, ECF No. 27-5. The defendant was represented by counsel who presented no defense, so a decision was entered in favor of the City and Little Darlings was fined $4,000 based on several violations of the Municipal Code, including five violations of § 6.35.160. *Id.*

II.      Legal standard

Federal Rule of Civil Procedure 56 authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. When parties file cross-motions for summary judgment, the Court considers each motion on its own merits. *See Fair Housing Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quotation omitted). The court must draw all reasonable inferences in favor of the nonmoving party.  *Id.* at 1061.

Summary judgment proceeds in a burden-shifting step analysis. The burden starts with the moving party. A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then shifts to the opposing party, who must present significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

1  "To defeat summary judgment, the nonmoving party must produce evidence of a genuine

2  dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d

3  989, 992 (9th Cir. 2018). However, when a non-moving party fails to produce evidence rebutting

4  defendants' showing, then an order for summary adjudication is proper. *Nissan Fire & Marine Ins.*

5  *Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000) ("If the nonmoving party fails to produce

6  enough evidence to create a genuine issue of material fact, the moving party wins the motion for

7  summary judgment.")

8  III.      Analysis

9        As a threshold matter, the court must address two issues. First, in its opposition, Little

10  Darlings inappropriately raises a new theory in support of claim two, alleging a due process

11  violation. For the first time in its motion for summary judgment, it argues that "section 6.35.160

12  violates due process as-applied as well because it permits the City to deprive licensees of

13  property based solely on the alleged-but-unproven criminal conduct of others." ECF No. 28 at 7–

14  8. But this was not alleged in the complaint. "A plaintiff may not add new claims or theories of

15  liability in an opposition brief to a motion for summary judgment." *Powell v. County of Orange*, 2022

16  WL 3574282, at *3 (C.D. Cal. July 7, 2022) (collecting cases). Allowing a plaintiff to proceed on

17  a new theory would prejudice the defendant because "[a] complaint guides the parties' discovery

18  putting the defendant on notice of the evidence it needs to adduce in order to defend against the

19  plaintiff's allegations." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Nowhere in

20  the complaint does Little Darlings allege an as-applied challenge based on alleged-but-unproven

21  criminal conduct of others, and the sole paragraph alleging vicarious liability is insufficient to

22  argue otherwise. In other words, the plaintiff's attempt to broaden its due process claim is

23  untimely. Accordingly, I deny Little Darlings' motion for summary judgment on this ground.

24        Second, Little Darlings concedes that it abandons its void-for-vagueness claim (Claim 1)

25  and its "subjective enforcement" theory, which I construe as a selective enforcement theory,

26  supporting its second claim for relief." *See* ECF No. 28 at 3–4. Accordingly, claim one is

4

1 dismissed, and claim two is dismissed to the extent it challenges LVMC § 6.35.160 based on

2 alleged selective enforcement. *See Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (holding that

3 the plaintiff abandoned claims by failing to raise them in opposition to summary judgment,

4 requiring dismissal); *see also Sanchez v. Maricopa County*, 2008 WL 4057002, *7 (D. Ariz. Aug. 27,

5 2008) ("If a non-moving party only partially responds to a motion for summary judgment, then

6 the party abandons the claims that it does not address in its opposition to the motion.").

7        With those issues addressed, the court turns to Little Darlings' due process claim, which

8 presents its own issue—that is, whether Little Darlings has standing to pursue its procedural

9 due process claim. In my order denying the plaintiff's motion for preliminary injunction, I

10 determined that Little Darlings had standing to assert a claim of unconstitutional *vagueness*

11 under § 6.35.160 because it was cited by the ordinance that contains both civil and criminal

12 penalties, so they were "injured by the criminal ordinance." Order, ECF No. 21 at 5. I therefore

13 determined that the injury-in-fact requirement had been met because the plaintiff had a

14 "personal stake in the outcome of the controversy." *Id.* But now, Little Darlings has abandoned

15 its vagueness claim. As a court of limited jurisdiction, the court must readdress standing.

16        In order to satisfy the Constitution's standing requirements, a plaintiff must show: (1) an

17 "injury-in-fact" that is (a) concrete and particularized and (b) actual or imminent, not

18 conjectural or hypothetical; (2) an injury that is fairly traceable to the challenged action to the

19 defendant; and (3) a likelihood, as opposed to mere speculation, that the injury will be redressed

20 by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "[T]the standing

21 question is whether the plaintiff has 'alleged such a personal stake in the outcome of the

22 controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of

23 the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) (quoting

24 *Baker v. Carr*, 369 U.S. 186, 204 (1962)). An injury cannot be hypothetical or based on conjecture.

25 *Id.* An allegation of future injury can be sufficient if the threatened injury is "certainly

26

1   impending," or there is a "'substantial risk' that the harm will occur." *Clapper v. Amnesty Int'l USA*,

2   568 U.S. 398, 408 (2013).

3         Little Darlings does not contest that the City did not enforce criminal penalties under

4   § 6.35.160 against them for the April 19, 2024 violations. *See* ECF No. 27 at 4 ("The mere fact that

5   the City has chosen to issue only civil penalties so far does not cure the defect in the Code . . . .");

6   *see also* Def.'s Ex. C, ECF No. 31-3 at 9, 11–12, 14–15 (City's Rule 30(b)(6) deposition testimony

7   stating plaintiff were assessed civil fines); Def.'s Ex. E, ECF No. 31-5 at 7 (admitting, over

8   objection, that Little Darlings has never received a criminal penalty for violating LVMC §

9   6.35.160). Indeed, the record clearly shows Little Darlings was cited for non-compliance with

10  municipal code, and the City sought civil penalties for the alleged violations of civil code, which

11  Little Darlings accepted without putting on a defense. *See* City Penalty Hearing Decision and

12  Award, Pl.'s Ex. 5, ECF No. 27-5 (noting compliance violations and imposing civil fines); *see also*

13  ECF No. 31-10 at 2 (noting that "Pursuant to LVMC 6.02.460, Civil Fine[] Due"); ECF No. 31-3 at

14  6, 9, 11–12, 14–15. Little Darlings was not issued criminal citations.[2] Stated otherwise, Little

15  Darlings did not suffer an injury-in-fact because the City did not enforce the criminal provision

16  of the statute against them, so it lacks standing to bring this claim against the City. *See Skyline*

17  *Wesleyan Church v. Cal. Dep't of Managed Health Care*, 968 F.3d 738 (9th Cir. 2020). And Little

18  Darlings did not allege, nor advance, a pre-enforcement theory of the case, meaning they fail to

19  demonstrate that the threatened injury is impending, or that there is a substantial risk that the

20  harm will occur.

21        Assuming arguendo that Little Darlings has standing to pursue this claim, it would

22  nonetheless fail for two reasons. First, a federal due process claim cannot be grounded on the

23  violation of a procedural right created by state law. *See Samson v. City of Bainbridge Island*, 683 F.3d

24  1051, 1060 (9th Cir. 2012) (noting that it is the Due Process Clause itself, not state law, which

25

26  ---
    [2] In comparison, *criminal* citations for solicitation were issued to five Little Darlings dancers. *See* Criminal citations, Pl.'s Ex. 1, ECF No. 27-1; Def.'s Ex. I, ECF No. 31-9.

1   determines what process is due); *FlightCar, Inc. v. City of Millbrae*, 2014 U.S. Dist. LEXIS 81688, at

2   \*20–21 (N.D. Cal. June 13, 2014) (holding that the fact that the plaintiff received less notice than

3   required by the applicable Municipal Code, standing alone, fails to demonstrate a due process

4   violation); *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994) (noting that "if state procedures

5   rise above the floor set by the due process clause, a state could fail to follow its own procedures

6   yet still provide sufficient process to survive constitutional scrutiny").

7          While not meaningfully addressed by Little Darlings in its moving papers, LVMC

8   § 6.02.430 sets forth the procedure for receiving notice of a violation under § 6.35.160. That

9   provision of municipal code is stated on the notice that was given to Little Darlings on April 19,

10  2024, and gives instructions on disputing any alleged violations. *See* ECF No. 31-10. Little

11  Darlings received a hearing under § 6.02.430, during which Little Darlings presented no defense

12  against the allegations; instead, it agreed to pay a fine. *See* ECF No. 27-5; *see also* Hr'g tr., Pl.'s Ex.

13  8, ECF No. 27-8. Ultimately, Little Darlings declined to defend against the allegations and

14  instead affirmatively agreed to pay a fine. ECF No. 27-8 (defense counsel stating "we'll accept

15  your ruling and pay the fine" while also declining to present a defense or make any affirmative

16  representations).

17         Second, and again assuming arguendo that Little Darlings has standing, its motion fails

18  because LVMC § 6.02.430 satisfies due process. The Supreme Court has explained that there is

19  no strict formula for the due process required in an administrative proceeding. *See Matthews v.*

20  *Eldridge*, 424 U.S. 319, 343 (1976) (finding that "the ordinary principle, established by our

21  decisions, that something less than an evidentiary hearing is sufficient prior to adverse

22  administrative action"); *see also Franceschi v. Yee*, 887 F.3d 927, 935 (9th Cir. 2018) ("It is well-

23  established that because due process is a flexible concept, precisely what procedures the Due

24  Process Clause requires in any given case is a function of context." (citation modified)). Instead,

25  the "essence of due process is the requirement that a person in jeopardy of serious loss [be given]

26  notice of the case against [them] and opportunity to meet it." *Eldridge*, 424 U.S. at 348. "Due

1  process is a flexible concept that varies with the particular situation." *Shinault v. Hawks*, 782 F.3d

2  1053, 1057 (9th Cir. 2015) (quotations omitted). Regardless of the particular situation, the basic

3  tenets of due process are "that a person deprived of property be given an opportunity to be heard

4  at a meaningful time and in a meaningful manner." *Buckingham v. Sec'y of USDA*, 603 F.3d 1073, 1082

5  (9th Cir. 2010) (quoting *Brewster v. Bd. of Educ.*, 149 F.3d 971, 984 (9th Cir. 1998)). This principle

6  does not always require a full evidentiary hearing or a formal hearing, *id.*, but the Supreme Court

7  has held that usually "the Constitution requires some kind of . . . hearing before the State

8  deprives a person of liberty or property." *Shinault*, 782 F.3d at 1058 (citation modified).

9         LVMC § 6.02.430 satisfies the requirements under due process because it allows for a

10  person alleged to have violated the code to be given an opportunity to be heard in both a

11  meaningful time and manner. Specifically, LVMC § 6.02.430(A) provides:

12
13
14
15
16
> "A person must respond to a Notice of Violation in one of the following ways: (1) "Admit" responsibility for the commission of the violation and liability for the civil fine imposed, and pay the amount of the fine applicable to the violation; (2) Contact the Business Licensing Division, "admit" such responsibility and liability, and arrange a schedule for payment of the fine; or (3) Request a binding hearing . . . to dispute the propriety of the issuance of the Notice of Violation or liability for the violation.

17  LVMC § 6.02.430(A). Subsection (B) provides how a person may initiate a hearing pursuant to

18  paragraph 3 of subsection (A). *Id.* at § 6.02.430(B). Further, subsections (C) and (D) provide

19  additional information how such hearings are conducted, subsection (E) addresses establishes

20  that any defense to a violation lies with the person lodging the defense, and the remaining

21  subsections addresses what should happen if a violation is or is not sustained. *See id.* at (C)–(I).

22         Little Darlings exercised its rights under § 6.02.430. *See* ECF No. 27-5; ECF No. 27-8.

23  Ultimately, Little Darlings declined to defend against the allegations and instead agreed to pay a

24  *civil* fine. *Id.* Thus, Little Darlings received due process, so the remaining claim in the complaint

25
26

1  fails.[3] Accordingly, the City is entitled to summary judgment in its favor. Their motion is

2  granted, and Little Darlings' motion is denied.

3  **III.**      **Conclusion**

4        IT IS HEREBY ORDERED that Little Darlings' due process claim under § 6.35.160 is

5  dismissed for lack of standing, so its motion for summary judgment **[ECF No. 27] is DENIED.**

6        IT IS FURTHER ORDERED that the City of Las Vegas's motion for summary judgment

7  **[ECF No. 26] is GRANTED consistent with this order.**

8        The Clerk of Court is kindly directed to enter judgment in favor of the City of Las Vegas

9  and to close this case.

10        Dated: March 11, 2026

11

12                                              _____
                                                 Cristina D. Silva
                                                 United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24  _____
    [3] While not relevant to resolution of the pending motions, the court must address Little Darlings

25  incorrect argument that "there is no right of appeal, for Code § 6.02.430" so the hearing officer's decision
    binding. ECF No. 32 at 7. NRS 266.595 provides that "[a]ppeals to the district court may be taken from

26  any final judgment of the municipal court in accordance with the provisions of NRS 5.073." NRS.
    266.595.